Upon both grounds this objection must fail to affect the proceedings, and all the other points respecting the regularity of the warrant of attachment were considered and disposed of on the former motion. This motion must accordingly be denied, with costs.

---

NELSON (BELL v.). See Case No. 1,257.

---

## Case No. 10,102.

### NELSON v. BOWEN.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 10,103.

### NELSON v. CARMAN.

[5 Blatch. 511;[1] 6 Int. Rev. Rec. 181.]

Circuit Court, E. D. New York. Nov. 12, 1867.

TAXES ILLEGALLY ASSESSED—ACTION FOR MONEY HAD AND RECEIVED.

An action for money had and received is maintainable against a collector of internal revenue, for duties or taxes erroneously or illegally assessed and collected, when the payment has been made under protest, and with notice of an intention to bring a suit to test the validity of the claim.

[Cited in Greer v. Ferguson, 56 Ark. 324, 19 S. W. 967.]

This was an action [by William Nelson] against [George T. Carman] an internal revenue collector, to recover back an income tax alleged to have been illegally imposed upon the plaintiff. The cause was tried before the court without a jury, and, the testimony being closed, the district attorney raised the objection, that the action would not lie against the collector, inasmuch as it appeared that the tax in question had been decided by the assessor, as well as by the commissioner, upon appeal, to be due, and had been inserted in the assessment list as due and payable by the plaintiff, and had been collected in pursuance of the assessment list and paid into the treasury.

BENEDICT, District Judge. The question raised by the district attorney, in this case, has been passed upon by the supreme court, in the case of City of Philadelphia v. Collector, 5 Wall. [72 U. S.] 720, and it must now be considered as settled, that an action for money had and received is maintainable against a collector, for duties or taxes erroneously or illegally assessed and collected, when, as in the present case, the payment has been made under protest, and with notice of an intention to bring a suit to test the validity of the claim. The objection is, therefore, overruled, and the case must proceed upon the merits.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

---

NELSON (CROPPER v.). See Case No. 3,417.

---

## Case No. 10,104.

### NELSON et al. v. CUTTER et al.

[3 McLean, 326;[1] 1 West. Law J. 359.]

Circuit Court, D. Ohio. April 10, 1844.

ARREST — AFFIDAVIT TO HOLD TO BAIL — SUFFICIENCY—STATEMENT OF NECESSARY FACTS—OPINION OR BELIEF—HABEAS CORPUS.

1. An affidavit to hold to bail must be positive as to the indebtment.

2. The opinion or belief of the affiant is insufficient.

3. On a habeas corpus the court will inquire whether the capias was rightfully issued.

[Cited in Blake's Case, 106 Mass. 504; Ex parte Rollins, 80 Va. 318.]

4. And this involves the sufficiency of the affidavit.

[Cited in Spice v. Steinruck, 14 Ohio St. 221.]

[5. Cited in Ex parte Davis, 17 Neb. 442, 23 N. W. 364, to the point that, where the affidavit upon which the arrest is based states facts, the legal tendency of which is to make out a case in all its parts, although the proof may be slight, and not entirely satisfactory, the arrest will be valid until set aside by a direct proceeding for that purpose.]

[T. Walker and W. M. Corry, for defendants [Cutter & Tyrrell], claimed a discharge on habeas corpus, on two grounds: First, because the affidavit did not state that the deponent was the authorized agent of plaintiffs [Nelson & Graydon]; and, secondly, because the affidavit was not positive, but only as to deponent's opinion, information, and belief.

[C. Fox and Howard, for plaintiffs, insisted that the court, on habeas corpus, could not go behind the capias, and try the sufficiency of the affidavit. But if this could be done, the present affidavit was sufficient.

[Judge McLEAN held otherwise, and ordered the defendants to be discharged, because the affidavit was not positive. He considered the agency sufficiently set forth.][2]

Fox & Howard, for plaintiffs.
Walker & Carey, for defendants.

McLEAN, Circuit Justice. The defendants were arrested on a capias ad respondendum, founded upon the following affidavit: "The United States of America, District of Ohio. I, William A. Woodward, of the city and state of New York, being duly affirmed, depose and say, that Nelson & Graydon are merchants, residing in the city and state of New York, and that I am informed and verily believe, that the said Amos Cutter and Jacob Tyrrell, partners, trading and doing business under the firm of Cutter & Tyrrell, are citizens of the city of Cincinnati, in the state of Ohio, and that the said Cutter & Tyrrell are justly indebted to the said Nelson & Graydon, in

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [From 1 West. Law J. 359.]